In the Matter of the Claim of LEONARD J. PLUTA, Respondent, v BETHLEHEM STEEL CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 6, 1975

*Ohlin, Damon, Morey, Sawyer & Moot (James N. Schmit* of counsel), for appellants.

*Thomas E. Krug* for Leonard J. Pluta, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

LARKIN, J. The employer and its carrier appeal from a decision and award of benefits by the Workmen's Compensation Board contending that the award should be paid by the Special Fund for Disability Benefits (Workmen's Compensation Law, § 207).

The facts are not in dispute. Claimant was employed on an hourly basis by the Bethlehem Steel Corporation from September, 1947 until October, 1971 when he was laid off for an indefinite period because of a decrease in the employer's operations. His employment rights, governed by a union contract, provided that his recall would be on a seniority basis.

Claimant received unemployment insurance benefits from October 10, 1971 to November 7, 1971, at which time he commenced a 13-week (Nov. 7, 1971 through Jan. 15, 1972) paid vacation to which he was entitled under the union contract. Pursuant to notification by his employer, claimant reported on January 14, 1972 for a pre-employment physical examination, which he failed.

Claimant's doctor found a disability from January 17, 1972 as a consequence of diabetes mellitis. Claimant passed a pre-employment physical on March 13, 1972 and returned to work on March 15, 1972. It is undisputed that claimant was disabled from January 17, 1972 until March 14, 1972.

The appellant insurance carrier rejected claimant's application for disability benefits on the ground that his employment had terminated on October 1, 1971 and that, consequently, the disability commencing on January 17, 1972 occurred more than four weeks after his employment terminated, so as to bar the claim under the limitation set forth in section 203 of the Workmen's Compensation Law. In sustaining the decision of

the Referee, the board found that claimant's employment continued subsequent to October 1, 1971 because "it was the clear intention of the employer to accept claimant back at work and retain him in employment at the end of his paid vacation leave". We disagree with this conclusion as to claimant's employment status at the time his disability commenced and vote to reverse the determination of the board.

Subdivision 7 of section 201 of the Workmen's Compensation Law provides that "[e]mployment with a covered employer terminates on the last day on which an employee *performs work* in the service of such employer; provided, however, that employment shall not terminate on such day if the employee by agreement with the employer, *then commences,* for a specified period, a leave of absence with pay or vacation with pay, at the conclusion of which the employee will return to work with the same employer" (emphasis supplied). Section 203 of the Workmen's Compensation Law provides that employees are eligible for disability benefits "during * * * employment and for a period of four weeks after such employment terminates".

The last day on which claimant "perform(ed) work" for the appellant employer was October 1, 1971. He did not "then commence" his paid vacation, but rather collected unemployment insurance benefits for almost four weeks before beginning the 13-week vacation. The proviso clause of subdivision 7 of section 201 of the Workmen's Compensation Law does not apply, not only because he did not immediately commence the vacation after the performed work, but additionally because there is no indication of an "agreement with the employer" at the time the vacation began that he would return to work at its conclusion. As such, claimant's disability occurred long after the expiration of the limitations period contained in section 203, and he is ineligible for benefits under section 204.

The decision should be reversed, with costs against the Workmen's Compensation Board, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Decision reversed, with costs against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith.